**CONSUMERS TIME CREDIT, INC.**
a corporation

v.

**REMARK CORP., a corporation, Lewis Bokser, individually and Lewis Bokser, individually and trading as Durabilt Paving Co., Maurice Kramer, Merit Metalcraft Corporation, a corporation, Liberal Sales Credit Co., a corporation, Sales Finco, Inc., a corporation, Reskob, Inc., a corporation, Lewis Bokser, Inc., a corporation and Sara L. Bokser.**

Civ. A. No. 34331.

United States District Court
E. D. Pennsylvania.

March 4, 1966.

See also D.C., 248 F.Supp. 158.

———◆———

Blank, Rudenko, Klaus & Rome, Henry J. Morgan, Philadelphia, Pa., for plaintiff.

Laurence H. Eldredge, Philadelphia, Pa., for defendants (except Maurice Kramer).

KRAFT, District Judge.

Maurice Kramer, appearing pro se, and counsel for all the remaining parties stipulated to waive and expressly waived a jury trial and the filing of any extensive findings of fact and conclusions of law herein, pursuant to "Notice to the Bar in re Waiver of Jury Trial" published in The Legal Intelligencer; and further, expressly waived the provisions of F.R.Civ.P. 52.

The Court, accordingly, after trial of the issues upon the merits and after careful consideration of the evidence, the briefs and argument of counsel, makes the following brief:

### FINDINGS OF FACT

1. Notwithstanding the insertion of different dates in the written agreements among the parties these agreements, P–1, P–2, P–3 and P–4, were fully executed and interchanged on the same day in April 1963 and were intended by all parties thereto to be interrelated.

2. Exhibit P–10, a letter bearing date April 25, 1963, purportedly from Remark Corp. (Remark) to Consumers Time Credit Inc. (Consumers) was not signed or delivered on that date, but was signed and delivered to Consumers by the individual defendant, Maurice Kramer, as an individual, about 10 days after the date of execution and interchange of the written agreements among Consumers and the remaining parties (Exhibits P–1, 2, 3 and 4).

3. Maurice Kramer had no authority from Remark to sign or deliver P–10 on its behalf.

4. The testimony of the defendant, Maurice Kramer, was so intentionally vague, tainted with self-interest and occasional falsehood as to be, in large part, unreliable and unworthy of belief.

5. Neither Lewis Bokser nor Sara L. Bokser, as corporate officers or as individuals, had any knowledge or notice of the execution and delivery of P–10 by Maurice Kramer at the time of its execution and delivery, nor did Merit Metalcraft Corporation (Merit), Sales Finco, Inc. (Finco), Liberal Sales Credit Co. (Liberal), Reskob, Inc. (Reskob) or Lewis Bokser, Inc. (Bokser, Inc.).

6. Lewis Bokser first became aware that Consumers was charging fire insurance premiums and deducting the amounts thereof from loans to be made to Remark shortly after the time of the execution and delivery of Exhibit P–10 by Kramer to Consumers.

Remark, at the sole instance of Kramer, began to charge to its retail customers fire insurance premiums, which Remark then included in the aggregate sum of each customer obligation signed by Remark's customers and assigned, as a receivable, by Remark to Consumers.

Lewis Bokser first acquired knowledge and notice of the foregoing practice of Remark and of Kramer shortly after it began and, with such knowledge and notice, permitted such regular practices between Consumers and Remark and between Remark and the latter's individual customers to continue uninterruptedly without objection or dissent.

7. Sara L. Bokser never had knowledge or notice of such practices and courses of conduct, as aforesaid, between Consumers and Remark or between Remark and its individual customers, nor did Merit, Finco, Liberal, Reskob or Bokser, Inc.

8. The deduction by Consumers from loan advances due to be made to Remark of sums in excess of $18,000 for fire insurance premiums was, as to Sara L. Bokser, a material, substantial breach by Consumers of the contract between Consumers and Remark (Exhibit P–1), of which Sara L. Bokser was unaware and to which she did not assent.

9. The deduction by Consumers from loan advances due to be made to Remark of sums in excess of $18,000 for fire insurance premiums was, as to Merit, Finco, Liberal, Reskob and Bokser, Inc., a material, substantial breach by Consumers of the contract between Consumers and Remark (Exhibit P–1) of which Merit, Finco, Liberal, Reskob and Bokser, Inc. were unaware and to which they did not assent.

10(a) The agreement between Merit and Sara L. Bokser (Exhibits D–1 and D–2) was a bona fide agreement of sale for valuable consideration for the sale by Merit to Sara L. Bokser of a part of the then existing inventory of Merit.

(b) This transaction was not a loan by Sara L. Bokser to Merit.

(c) Sara L. Bokser did not defraud or intend to defraud Consumers or anyone else in any aspect of this transaction.

11(a) The loan of $25,000 by Industrial Valley Bank (Industrial) was made to Lewis Bokser and Sara L. Bokser, his wife, (P–5) as accommodation makers for the use and benefit of Remark and was known to Consumers to have been intended to be and to have been a loan to Remark upon which Remark was to pay the interest and the sum of $200 weekly in reduction of the principal indebtedness.

(b) Consumers, Remark, Lewis Bokser and Sara L. Bokser regarded and intended this obligation to be regarded as indebtedness of Remark to Industrial and not as indebtedness of Remark to Sara L. Bokser.

(c) Consumers, Remark and Sara L. Bokser intended this indebtedness to Industrial in the sum of $25,000 to be outside the scope of the subordination agreement executed and delivered by Sara L. Bokser to Consumers (Exhibit P–4).

(d) The endorsement, by Sara L. Bokser as payee thereof, of sundry checks of Remark in the amount of $200 each to Industrial carried out the loan transaction as Remark, Consumers, Lewis Bokser and Sara L. Bokser understood and intended. The $200 payments on account of principal, evidenced by such checks of Remark to the order of Sara L. Bokser and endorsed by her to Industrial were not and were not intended by Remark, Consumers, Lewis Bokser or Sara Bokser to be payments to Sara L. Bokser by Remark on account of an indebtedness of Remark to Sara L. Bokser.

(e) Sara L. Bokser neither committed not intended any fraud against Consumers or anyone else (1) in the execution and delivery to Consumers of the subordination agreement (P–4); (2) in the omission from the subordination agreement of the $25,000 loan made by Industrial; (3) in endorsing and delivering to Industrial sundry $200 checks issued by Remark to Sara L. Bokser's order; (4) in suffering Remark to pay to

Industrial the accruing interest on the said $25,000 loan; (5) in any other respect in or related to the loan transaction.

12. The intentional withholding by Remark of timely reports to Consumers of at least 85 repossessions by Remark of chattels, the customers' obligations for which had theretofore been assigned to Consumers by Remark, resulted solely from the fraudulently intended and unauthorized acts of Maurice Kramer of which neither Lewis Bokser nor Sara L. Bokser had any knowledge or notice until Consumers, on or about October 9, 1963, brought to the attention of Lewis Bokser the failure of Remark and of Kramer, who had sole responsibility for the reports, to make timely reports of the repossessions.

13. Plaintiff offered no sufficient, competent, credible evidence to establish the amounts or nature of any expenses claimed to have been incurred by the plaintiff which the plaintiff may have been entitled to claim under the terms of the agreements among the parties.

14. Plaintiff offered no sufficient, competent, credible evidence to establish the nature, extent and value of services rendered by counsel for the plaintiff which the plaintiff may have been entitled to claim under the terms of the agreements among the parties.

15. Remark owes plaintiff $196,099.-60, less credit for any payments received by plaintiff after January 28, 1966.

## CONCLUSIONS OF LAW

1. By their acts and courses of conduct, done and engaged in with full knowledge of the circumstances as found under ¶ 6, supra, Remark, Lewis Bokser and Maurice Kramer ratified the undertaking, initially unauthorized, of Remark evidenced by the letter (P–10) signed by Maurice Kramer or are, in any event, estopped from asserting against Consumers any invalidity in the charges for fire insurance premiums deducted by Consumers from the loans due to be made by it to Remark.

2. The deduction by Consumers from loan advances due to be made to Remark in sums in excess of $18,000 for fire insurance premiums was, as to Sara L. Bokser and Bokser, Inc., as found in ¶¶ 8 and 9, supra, a material, substantial breach by Consumers of the contract between Consumers and Remark which operated to and did discharge Sara L. Bokser and Bokser, Inc. from their respective obligations to Consumers under the subordination agreement executed by them to Consumers (P–4).

3. The deduction by Consumers from loan advances due to be made to Remark of sums in excess of $18,000 for fire insurance premiums was, as to Merit, Finco, Liberal and Reskob, as found in ¶¶ 8 and 9, supra, a material, substantial breach by Consumers of the contract between Consumers and Remark which operated to and did discharge Merit, Finco, Liberal and Reskob from their respective obligations to Consumers under the "guaranty" agreement executed by them to Consumers (P–2).

4. No claim for expenses to plaintiff has been proven.

5. No claim for counsel fees to plaintiff has been proven.

6. The plaintiff, Oxford American Finance, assignee of Federated Corporation of Delaware, successor by merger to Consumers, is entitled to judgment against Remark, Maurice Kramer and Lewis Bokser in the sum of $196,099.60, subject to credit for any payments received by the plaintiff after January 28, 1966.

7. The defendants, Sara L. Bokser, Merit, Liberal, Finco, Reskob and Bokser, Inc., are entitled to judgment against the plaintiff.

8. The plaintiff, as defendant in the counterclaim, is entitled to judgment on the counterclaim of the trustee in bankruptcy for Remark.

9. The petitions (documents 8, 9 and 10) of the defendants, Sara L. Bokser, Lewis Bokser and Bokser, Inc., to dissolve the attachments issued and/or effected against them under a writ of fraudulent debtors' attachment, which were denied February 28, 1964 because

the complaint was held sufficiently to set forth grounds for the attachment and which petitions were renewed by oral motion at the conclusion of the trial upon the merits, should now be granted because the proofs failed to sustain the grounds for attachment alleged in the complaint.